961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John L. WASHINGTON, Plaintiff-Appellant,
v.
Steve GARDALLA, D.E.A. Detective; Craig D. Corgan, District
Attorney; John G. Lanning, District Judge.
Defendants-Appellees.
 No. 91-5178.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Washington appeals the dismissal of his pro se 42 U.S.C. § 1983 civil action.
 
 
 3
 Mr. Washington filed a pro se complaint § 1983 complaint which is rambling, vague, and filled with conclusions. The thrust of the complaint appears to be that the Defendants, a state district judge, a district attorney, and a city detective, conspired to entrap and maliciously prosecute Mr. Washington because of his race. Mr. Washington asked for $20 million as punitive damages. Mr. Washington was in jail awaiting trial on drug distribution charges at the time he filed his complaint.
 
 
 4
 The district court found the state judge and the district attorney were entitled to absolute immunity and the detective was entitled to qualified immunity and therefore dismissed Mr. Washington's case.
 
 
 5
 Mr. Washington appeals pro se the district court's order granting the detective's motion to dismiss on the basis of qualified immunity. His rambling arguments assert such charges as "scandalous means of entrapment," "[l]aw officials clearly abusing their discretion," "outrageous misconduct," "the Court's failure to give requested entrapment instruction," and "suffering from illegal incarceration." What Mr. Washington fails to do is tell us why the district judge's decision was erroneous. The district court simply held that Mr. Washington failed to show the detective deprived Mr. Washington of a federally secured right.
 
 
 6
 In the district court, Mr. Washington was given the opportunity to respond to Defendant's claim of qualified immunity. The paramount thrust of Mr. Washington's suit was racially motivated entrapment. To prevail, Mr. Washington had to show the deprivation of a federally secured right. The defense of entrapment is not constitutionally based, United States v. Russell, 411 U.S. 423, 433 (1973), nor does it constitute outrageous governmental conduct so as to violate due process, see United States v. Warren, 747 F.2d 1339, 1341-43 (10th Cir.1984). Our review of the record shows Mr. Washington has failed to establish and identify the violation of a clearly established right. Therefore, the district court properly dismissed his case.
 
 
 7
 The judgment and decision of the District Court is AFFIRMED.
 
 
 8
 ---------------
 
 
 
 * This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.